Rhonda H. Wills (SBN 323435)
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047
rwills@rwillslawfirm.com

Attorney for Plaintiff Francheska Britt

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCHESKA BRITT, on behalf of the State of California as a private attorney general,<br><br>    Plaintiff,<br><br>        vs.<br><br>LENNAR CORPORATION and LENNAR SALES CORPORATION; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 1:23-at-00887<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

1. Civil Action Under Private Attorney General Act (Cal. Lab. Code §§ 2698 and 2699, *et seq.*)
   a. Failure to Pay Wages and Overtime for all Hours Worked (Cal. Lab. Code §§ 204, 510, 558, 1182.12, 1194, 1194.2, 1197, 1198)
   b. Failure to Pay Minimum Wages (Cal. Lab. Code § 1197)
   c. Meal Break Violations (Cal Lab. Code §§ 226, 226.7, 512)
   d. Rest Break Violations (Cal. Lab. Code §§ 226.7, 512)
   e. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226)
   f. Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203)
   g. Failure to Pay All Wages Due Twice Monthly (Cal. Lab. Code § 204)
   h. Failure to Reimburse Necessary Expenditures or Losses (Cal. Lab. Code § 2802)

Plaintiff Francheska Britt ("Plaintiff"), individually and on behalf of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorney General Act of 2004, §§ 2698 and 2699, *et seq*. ("PAGA"), files this Original Complaint and would show as follows:

### INTRODUCTION

1.     Plaintiff brings this action against Defendants Lennar Corporation and Lennar Sales Corporation ("Defendants" or "Lennar") seeking only to recover PAGA civil penalties for herself, and on behalf of all current and former aggrieved employees who worked for Defendants.  Plaintiff does not seek to recover anything other than penalties as permitted by PAGA.  To the extent that statutory violations are mentioned for wage violations, Plaintiff does not seek underlying general and/or special damages for those violations, but simply the civil penalties permitted by California Labor Code § 2699, *et seq*.

2.     California has enacted PAGA to permit an individual to bring an action on behalf of herself and on behalf of others for PAGA penalties only, which is the precise and sole nature of this action.

3.     Plaintiff seeks to obtain all applicable relief for Defendants' violations under PAGA and solely for the relief permitted by PAGA—that is, penalties and any other relief the Court deems proper pursuant to PAGA.  Nothing in this complaint should be construed as attempting to obtain any relief that would not be available in a PAGA-only action.

### JURISDICTION AND VENUE

4.     *Jurisdiction.* This Court has diversity jurisdiction over this action conferred by the provisions of 28 U.S.C. 1332(a). There is complete diversity of citizenship between the parties. Plaintiff and other aggrieved employees are residents of the State of California, and Defendants Lennar Corporation and Lennar Sales Corporation are headquartered in Florida. Further, the amount in controversy exceeds $75,000.

5.     *Venue.* Venue is proper in the Eastern District of California because a substantial portion of the events forming the basis of this suit occurred in the Eastern District of California.

## THE PARTIES

6.    Plaintiff brings this action individually on behalf of herself and as representative of the State of California and other aggrieved employees seeking to recover PAGA civil penalties as permitted by California Labor Code §§ 2698 and 2699, *et seq.* To the extent that statutory violations are mentioned for Defendants' wage violations, Plaintiff does not seek underlying general and/or special damages for those violations, but simply the civil penalties permitted by PAGA.

7.    Plaintiff seeks to represent the State of California and other aggrieved employees who were employed by Defendants (one or both of them) in California within the one year preceding the July 10, 2023 filing of Plaintiff's notice to the California Labor and Workforce Development Agency ("LWDA") of her intent to bring a representative action under PAGA.

8.    This PAGA action consists of current and former hourly non-exempt employees who worked for Defendants (one or both of them) in California and who, in the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA, were not paid their hourly rate for off-the-clock work; were not paid overtime pay at time and one-half their regular rate of pay for hours worked over 40 in a workweek or 8 hours in any work day or the first 8 hours of work on the seventh consecutive day in a workweek; were not paid double their regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of 8 hours on the seventh consecutive day in a workweek; were not paid minimum wages; were not paid premium pay for missed and/or noncompliant meal periods and rest breaks; were not reimbursed for expenses they personally incurred in the course of discharging their job duties in violation of section 2802 of the Labor Code; were provided inaccurate itemized wage statements; and were not paid all wages owed to them in a timely fashion in violation of sections 201, 202, 203, 204, and 226 of the Labor Code.

9.    At all pertinent times, Plaintiff and other employees are and/or have been non-exempt employees within the meaning of the California Labor Code, and the implementing regulations of the Industrial Welfare Commission ("IWC") California Wage Orders.

10.    Lennar Corporation is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.    Lennar

Corporation is a foreign corporation that is licensed or registered to conduct business in the State of California. Lennar Corporation is a joint employer of Plaintiff and other aggrieved employees within California. Lennar Corporation's conduct forms a significant basis for the acts complained of.

11.    Lennar Sales Corporation is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.  Lennar Sales Corporation is a foreign limited liability company that is qualified to conduct business in the State of California. Lennar Sales Corporation is a joint employer of Plaintiff and other aggrieved employees as defined herein. Lennar Sales Corporation's conduct forms a significant basis for the acts complained of.

12.    Upon information and belief, each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted as the employer and/or joint employer of Plaintiff and other aggrieved employees.

13.    Plaintiff alleges that there exists a unity of interest and ownership between Lennar Corporation and Lennar Sales Corporation such that any individuality and separateness between the entities has ceased and Defendants are referred to herein collectively as "Defendants" or "Lennar."

14.    Plaintiff alleges that DOES 1-50 are the partners, agents, owners, managers or affiliated entities of Defendants at all relevant times.

15.    Plaintiff further alleges that Defendants are the alter egos of each other for the following reasons:

   a.  Defendants have the same entity address and/or mailing address and/or agent for service of process; and

   b.  Upon information and belief, Defendants utilize the same standardized employment forms and issue the same employment policies.

16.    Defendants operate a homebuilding company.

**REPRESENTATIVE ACTION COMPLAINT**

## FACTUAL BACKGROUND

17.    Lennar is the employer of Plaintiff and other employees with respect to all relevant times. Lennar "employs" Plaintiff and other aggrieved employees pursuant to the definition of "employ" within IWC Wage Order 4.

18.    During the relevant time period, Defendants exercised control over the wages, hours, and working conditions of Plaintiff and other aggrieved employees; suffered or permitted Plaintiff and other aggrieved employees to work; and created a common law employment relationship with Plaintiff and other aggrieved employees.

19.    Plaintiff and other aggrieved employees worked performing non-exempt duties for Defendants in California.

20.    Plaintiff and other aggrieved employees who have worked for Defendants (one or both of them) as hourly non-exempt employees in California during the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA, bring this PAGA action to recover PAGA civil penalties as permitted by California Labor Code §§ 2698 and 2699, *et seq.*

21.    This PAGA action consists of current and former hourly non-exempt employees who worked for Defendants (one or both of them) in California and who, in the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA, were not paid their hourly rate for off-the-clock work; were not paid overtime pay at time and one-half their regular rate of pay for hours worked over 40 in a workweek or 8 hours in any work day or the first 8 hours of work on the seventh consecutive day in a workweek; were not paid double their regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of 8 hours on the seventh consecutive day in a workweek; were not paid minimum wages; were not paid premium pay for missed and/or noncompliant meal periods and rest breaks; were not reimbursed for expenses they personally incurred in the course of discharging their job duties in violation of section 2802 of the Labor Code; were provided inaccurate itemized wage statements; and were not paid all wages owed to them in a timely fashion in violation of sections 201, 202, 203, 204, and 226 of the Labor Code.

22.     At all pertinent times, Plaintiff and other aggrieved employees are and/or have been non-exempt employees within the meaning of the California Labor Code, and the implementing regulations of the IWC California Wage Orders.

23.     Lennar is one of the nation's largest homebuilders. Lennar operates a homebuilding business serving homebuyers in twenty-six (26) states nationwide from California to Florida.

24.     Lennar is the employer of Plaintiff and other aggrieved employees with respect to all relevant times. Lennar "employs" Plaintiff and other aggrieved employees pursuant to the definition of "employ" within IWC Wage Order 4.

25.     During the relevant time period, Lennar exercised control over the wages, hours, and working conditions of Plaintiff and other aggrieved employees; suffered or permitted Plaintiff and other aggrieved employees to work; and created a common law employment relationship with Plaintiff and other aggrieved employees.

26.     Plaintiff and other aggrieved employees worked performing non-exempt duties for Defendants in California.

27.     Plaintiff and other aggrieved employees were responsible for driving from their home office to Defendants' places of business; sanitizing and cleaning; opening and closing model homes and offices; preparing the model homes and offices for visitors; making and receiving work-related calls; sending and receiving work-related emails and text messages; meeting with prospective and existing customers at Defendants' places of business; utilizing various computer programs and software for performing their job duties; and preparing and completing paperwork, among many other duties.

28.     Before the start of the COVID-19 pandemic in approximately March 2020, Plaintiff and other aggrieved employees worked at one of Defendants' locations.

29.     After the COVID-19 pandemic necessitated stay-at-home orders in California, employees began to work from home and were required to set up a home office. Although Plaintiff and other aggrieved employees worked from their home offices, they were still required to make frequent trips to and to perform work at Defendants' other places of business to perform various duties, including but not limited to sanitizing and cleaning; opening and closing model homes and

offices; meeting with existing and prospective customers; opening other offices; and performing various other work-related duties. Defendants did not reimburse Plaintiff and other aggrieved employees for mileage related to trips in their personal vehicles between their home offices and Defendants' other places of business.

30.     Throughout the applicable time period, Plaintiff and other aggrieved employees frequently missed meal and rest breaks, performed work during meal and rest breaks, and/or were forced to take meal and rest breaks outside the statutorily mandated timeframe in order to accommodate Defendants' new home sales business.

31.     Plaintiff and other aggrieved employees also performed off-the-clock work both before and after their paid time begins and ends, including but not limited to, driving from their home office to Defendants' other places of business; opening and/or closing the model homes and other offices; preparing the model homes and offices for visitors; making and receiving work-related calls; sending and receiving work-related emails and text messages; meeting with prospective and existing customers at Defendants' places of business; utilizing various computer programs and software for performing their job duties; and preparing and completing paperwork, among many other duties. Thus, Defendants required, suffered and/or permitted Plaintiff and other aggrieved employees to work off-the-clock without pay.

32.     During their employment, Defendants did not pay Plaintiff and other aggrieved employees their hourly rate for off-the-clock work; overtime pay at time and one-half their regular rate of pay for hours worked over 40 in a workweek or 8 hours in any work day or the first 8 hours of work on the seventh consecutive day in a workweek; double their regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of 8 hours on the seventh consecutive day in a workweek; minimum wages; and premium pay for missed and/or noncompliant meal periods and rest breaks.

33.     Plaintiff and other aggrieved employees regularly worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week with the actual and/or constructive knowledge of Defendants and were not paid overtime compensation pursuant to California Labor Code requirements.

34.     During the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA and continuing into the present time, Plaintiff and other aggrieved employees were not paid time and one-half their regular rate of pay for between 8 and 12 hours of worktime per day.

35.     During the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA and continuing into the present time, Plaintiff and other aggrieved employees also regularly worked more than twelve (12) hours per day with the actual and/or constructive knowledge of Defendants. Plaintiff and other aggrieved employees were not paid twice their regular rate of pay for worktime in excess of twelve (12) hours per day.

36.     During the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA and continuing into the present time, Plaintiff and other aggrieved employees worked on the seventh day of the workweek with the actual and/or constructive knowledge of Lennar. Plaintiff and other aggrieved employees were not paid time and one-half their regular rate of pay for up to eight (8) hours of worktime on the seventh day of any given workweek.

37.     During the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA and continuing into the present time, Plaintiff and other aggrieved employees worked more than eight (8) hours on the seventh day of the workweek with the actual and/or constructive knowledge of Lennar. Plaintiff and other aggrieved employees were not paid twice their regular rate of pay for worktime in excess of eight (8) hours on the seventh day of any given workweek.

38.     During the one year preceding the July 10, 2023 filing of Plaintiff's notice to the LWDA of her intent to bring a representative action under PAGA and continuing into the present time, Plaintiff and other aggrieved employees worked for periods of at least between 8 and 10 hours (and sometimes more) and were therefore entitled to at least one "off-duty" meal break and two authorized rest periods.

39.    Due to work demands, Plaintiff and other aggrieved employees were forced to either: (a) take their meal periods outside of the time limits prescribed by California labor law; (b) miss their statutorily mandated meal periods; or (c) work during statutorily mandated meal periods and/or portions of meal periods. In such cases, Defendants routinely failed to compensate Plaintiff and other aggrieved employees with the required extra hours of compensation pursuant to California Labor Code requirements.

40.    Due to work demands, Plaintiff and other aggrieved employees were forced to either: (a) take their rest periods outside of the time limits prescribed by California labor law; (b) miss their statutorily mandated rest periods; or (c) work during statutorily mandated rest periods and/or portions of rest periods. In such cases, Defendants routinely failed to compensate their employees with the required extra hour of compensation pursuant to California Labor Code requirements.

41.    At all relevant times herein, Defendants required Plaintiff and other aggrieved employees to perform off-the-clock work both before their paid time began and after their paid time ended for payroll purposes, in the form of driving from their homes to their assigned model homes; opening and closing the model homes; preparing the model homes for visitors; making and receiving work-related calls; sending and receiving work-related email and text messages; meeting with prospective and existing customers at Lennar's places of business; utilizing various computer programs and software for performing their job duties; and completing paperwork.  Some or all of this unpaid time was overtime, i.e., in excess of 8 hours in a day or in excess of 40 hours in a week.

42.    Plaintiff and other aggrieved employees' off-the-clock work included pre-shift and post-shift work as well as work during uncompensated meal periods.

43.    Plaintiff and other aggrieved employees worked more than 40 hours per workweek and more than 8 hours per workday without receiving overtime compensation at time and one-half their regular rate of pay for all overtime hours. Plaintiff and other aggrieved employees worked more than 12 hours per workday without receiving overtime compensation at twice their regular rate of pay for all overtime hours in excess of 12 per workday.

44.    Plaintiff and other aggrieved employees were not paid all wages owed during the course of their employment and were not paid all wages owed timely upon termination of employment.

45.    Defendants have made no effort to develop a system to relieve Plaintiff and other aggrieved employees during their statutorily mandated meal and rest breaks as a practice and policy.

46.    Defendants have failed to pay all earned wages owed to Plaintiff and other aggrieved employees for the noncompliant and/or missed meal and rest periods under Labor Code § 226.7(b) and Wage Order 4. Plaintiff and other aggrieved employees were and are entitled to an hour of pay at their regular rate for each day with a meal period violation and an additional hour of pay for each day with a rest period violation. Plaintiff and other aggrieved employees have not received that payment.

47.    Defendants' policy, practice, and/or procedure was to not include all remuneration including, but not limited to, for example, "Bonus Pay" and "Shift Differential Pay" when calculating Plaintiff's and other aggrieved employees' regular rate of compensation for purposes of calculating and paying meal and rest period premium wages.

48.    Defendants have failed to pay all wages due and payable to Plaintiff and other aggrieved employees twice in each calendar month, in violation of Labor Code § 204.

49.    Defendants also willfully refused to pay Plaintiff and other aggrieved employees these amounts at the time of their termination, in violation of Labor Code §§ 201, 202, and 203.

50.    Plaintiff and other aggrieved employees who are no longer employed by Defendants are entitled to penalties pursuant to Labor Code § 203, in the amount of each person's daily wage multiplied by the number of days since the termination, up to thirty days.

51.    The wage statements provided to Plaintiff and other aggrieved employees were not accurate itemized wage statements as required by California law.  For example, the wage statements did not reflect the total hours worked by Plaintiff and other aggrieved employees during the pay period, among other things.

52.    In violation of Labor Code § 2802, Plaintiff and other aggrieved employees were not reimbursed for expenses they incurred in the course of performing their job duties for Defendants,

including but not limited to copying costs; internet costs; purchases of office supplies, printer ink and printer paper; and mileage related to trips in their personal vehicles between their home offices and Defendants' other places of business.

53.     Pursuant to California Labor Code § 2802, Defendants must reimburse Plaintiff and other aggrieved employees for the expenses they incurred in performance of their job duties. Defendants must also pay Plaintiff and other aggrieved employees interest accruing from the date on which each expense was incurred.

54.     Defendants willfully, knowingly, intentionally, deliberately, and in bad faith violated the provisions of the California Labor Code.

## JOINT EMPLOYERS

55.     At all relevant times, Defendants have been "joint employers" of Plaintiff and other aggrieved employees.

56.     At all relevant times, Defendant Lennar Corporation has been and continues to be an "employer."

57.     At all relevant times, Defendant Lennar Sales Corporation has been and continues to be an "employer."

58.     Upon information and belief, the facts which evidence that Lennar Sales Corporation and Lennar Corporation were joint employers of Plaintiff and other aggrieved employees are as follows:

    a.   During the relevant time period, Defendants jointly exercised control over the work environment and work schedules of Plaintiff and other aggrieved employees;

    b.   During the relevant time period, Defendants both supervised the work and job responsibilities of Plaintiff and other aggrieved employees;

    c.   During the relevant time period, Defendants jointly maintained the employment records, pay records, and time records of Plaintiff and other aggrieved employees;

d.  Defendants jointly determined the rate of pay and method of pay with respect to Plaintiff and other aggrieved employees;

e.  Defendants both had the authority to hire and fire Plaintiff and other aggrieved employees;

f.  Defendants prepared payroll and paid wages to Plaintiff and other aggrieved employees;

g.  Defendants jointly maintained and operated various model homes and offices, including those were Plaintiff and other aggrieved employees worked;

h.  Defendants both invested in the equipment and facilities that Plaintiff and other aggrieved employees used to perform work for Defendants;

i.  Both Defendant Lennar Corporation and Defendant Lennar Sales Corporation operate from the same facilities in Miami, Florida.

j.  Plaintiff and other aggrieved employees were subject to associate reference guides that were provided to all employees of Defendants. Such associate reference guides contain "Company" policies for Defendants with respect to timekeeping, pay days, pay deductions, work hours, meal periods, pay practices, and overtime policies, among others.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**
**(California Labor Code §§ 2698-2699 *et sq*.)**

59.  Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

60.  Plaintiff brings claims pursuant to Labor Code §§ 2698 and 2699, *et seq.*, on behalf of herself, the State of California, and other aggrieved employees employed by Defendants (one or both of them) in California.

61.  Labor Code § 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code § 2699.5.

62.     Pursuant to PAGA §§ 2698–2699, "aggrieved employees" may bring a civil action on behalf of themselves and other current and former employees to recover penalties for violations of the Labor Code. Plaintiff and other aggrieved employees are "aggrieved employees" within the meaning of Section 2699(a) of PAGA, and may bring this action on behalf of themselves and other aggrieved employees employed by Defendants (one or both of them) in California.

63.     As required by Labor Code § 2699.3(a)(1), Plaintiff provided written notice by electronic filing to the Labor & Workforce Development Agency ("LWDA") and to Defendants by certified mail of the legal claims and theories of this case on July 10, 2023.

64.     More than sixty-five (65) days after Plaintiff provided written notice to the LWDA and to Defendants, the LWDA has not indicated it will investigate or pursue action against Defendants; therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to bring a civil action containing PAGA claims.

65.     Plaintiff seeks to recover the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs, on behalf of herself and all other aggrieved employees of Defendants in California.

66.     Defendants' conduct, as alleged herein, violates numerous sections of the Labor Code including, but not limited to, the following:

        a.  Failure to pay hourly non-exempt employees wages and overtime for all hours worked in violation of Labor Code §§ 204, 510, 558, 1182.12, 1194, 1194.2, 1197, 1198;

        b.  Failure to pay the requisite minimum wage for all hours worked in violation of Labor Code § 1197;

        c.  Failure to provide meal breaks in violation of Labor Code §§ 226.7 and 512;

        d.  Failure to provide rest breaks in violation of Labor Code §§ 226.7 and 512;

        e.  Failure to provide accurate itemized wage statements in violation of Labor Code § 226;

        f.  Failure to provide waiting time wages upon termination and resignation in violation of Labor Code §§ 201, 202, and 203;

**REPRESENTATIVE ACTION COMPLAINT**

g.  Failure to pay hourly non-exempt employees all wages owed twice in each calendar month in violation of Labor Code § 204; and

h.  Failure to reimburse hourly non-exempt employees for necessary expenditures or losses incurred in the discharge of their duties in violation of Labor Code § 2802.

67.  Labor Code § 204 requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, meal break wages, and rest period wages within any time period specified by California Labor Code § 204.

68.  Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the Labor Code as set forth herein.

69.  Pursuant to PAGA, and California Labor Code §§ 2699(a), 2699.3, 2699.5, and 558, Plaintiff, acting in the public interest as private attorney general, seeks assessment and collection of civil penalties for Plaintiff, all other aggrieved employees, and the State of California, as prescribed by the Labor Code Private Attorneys General Act of 2004.

**A.**   ***Failure to Pay Wages and Overtime for all Hours Worked Pursuant to Labor Code §§ 204, 510, 558, 1182.12, 1194, 1194.2, 1197, 1198, and the Wage Order***

70.  California Labor Code §§ 204 510, 1198 and 9 California Code of Regulation § 11070, as amended, provide that employees in California shall not be employed more than eight (8) hours in any workday, and more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages at a rate of time and one-half (1 ½), with double time after eight (8) hours of the seventh day of any work week or after twelve (12) hours in any work day.

71.  California Labor Code § 204 provides that employers in California shall be paid for all hours worked per workweek.

72.     Plaintiff and other aggrieved employees were regularly and consistently required to work more than eight (8) hours in any workday, more than twelve (12) hours in any workday; more than forty (40) hours in any workweek; on the seventh day of the workweek; and more than eight (8) hours on the seventh day of the workweek and were not compensated for such work at premium rates.

73.     At all relevant times herein, Plaintiff and other aggrieved employees performed off-the-clock work for which they were not compensated both before and after their paid time began and ended for payroll purposes, in the form of driving from their homes to Defendants' offices and model homes; opening and closing the model homes and offices and; preparing the model homes and offices for visitors; making and receiving work-related calls; sending and receiving work-related email and text messages; meeting with prospective and existing customers at Defendants' places of business; utilizing various computer programs and software for performing their job duties; and completing paperwork, among other things. Some or all of this unpaid time was overtime, i.e., in excess of 8 hours in a day or in excess of 40 hours in a week.

74.     Defendants have also violated these provisions by requiring Plaintiff and other aggrieved employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties or to attend and participate in company-required activities or remain under Defendants' control. Therefore, Plaintiff and other aggrieved employees were not properly compensated for all hours worked at their required regular, overtime, and double-time rates of pay.

75.     Defendants failed to pay Plaintiff and other aggrieved employees a rate of time and one-half for hours worked in excess of forty (40) per workweek, hours worked in excess of eight (8) per day, and hours worked on the seventh day of the workweek.

76.     Defendants failed to pay Plaintiff and other aggrieved employees twice their regular rate of pay for hours worked in excess of twelve (12) per workday and hours worked in excess of eight (8) on the seventh day of the workweek.

77.     Defendants knowingly and willfully violated the provisions of Labor Code §§ 204, 226, 510, 558, 1182.12, 1194, 1194.2, 1197, 1198, and the Wage Order by refusing to perform their

obligations to compensate Plaintiff and other aggrieved employees for all wages earned and all hours worked.

78.    As a result of the unlawful acts of Defendants, Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA, Labor Code sections 2698, *et seq*., and 558, subdivisions (a)(l)–(2) on behalf of LWDA against Defendants.

**B.    *Failure to Pay Minimum Wages Pursuant to Labor Code § 1197***

79.    California Labor Code § 1197 provides that employees in California shall not be paid a lower wage than the minimum wage established in Labor Code § 1182.12 and the IWC Minimum Wage Order.

80.    At all relevant times herein, Plaintiff and other aggrieved employees regularly and consistently worked off the clock by starting work before their scheduled time, working during unpaid meal breaks, and continuing to work after their scheduled time, without receiving legal compensation for all hours worked.

81.    Defendants knowingly and willingly violated the provisions of Labor Code §§ 1182.12 and 1197 and the IWC Minimum Wage Order by refusing to perform their obligations to pay Plaintiff and other aggrieved employees at least the minimum wage for all hours worked.

82.    As a result of the unlawful acts of Defendants, Plaintiff and other aggrieved employees have been deprived of minimum wage payments. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**C.    *Failure to Provide Required Meal Breaks Pursuant to Labor Code §§ 226.7, 512***

83.    IWC Wage Order 4 regulates hourly non-exempt employees such as Plaintiff and other aggrieved employees.

84.    Section 11(A) of the applicable Wage Order and Section 512 of the Labor Code require an employer to pay an additional hour of compensation for each compliant meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

85.    An employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than

thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes prior to the start of the eleventh hour of work.

86.    At all relevant times herein, Plaintiff and other aggrieved employees were scheduled for a period of time over five (5) hours. Defendants consistently failed to provide Plaintiff and other aggrieved employees with compliant meal breaks as required by the Code.

87.    The applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

88.    At all relevant times herein, Plaintiff and other aggrieved employees were scheduled to work for a period of time in excess of six (6) hours and worked for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff and other aggrieved employees also worked periods of more than ten (10) hours per day without a second meal period of not less than thirty (30) minutes prior to the start of the eleventh hour of work.

89.    Section 11(B) of the applicable Wage Order states that if an employer fails to provide an employee with a compliant meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period is not provided.

90.    At all times relevant herein, in violation of Labor Code § 226.7, Defendants knowingly and intentionally required and permitted employees to work during meal periods or take meal periods outside of the times mandated by Labor Code § 512 and California Code of Regulations § 11040.

91.    In violation of Labor Code § 512 and California Code of Regulations § 11040, Defendants have also violated these provisions by requiring Plaintiff and other aggrieved employees

17

**REPRESENTATIVE ACTION COMPLAINT**

to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties or to attend and participate in company required activities or remain under Defendants' control. Therefore, Plaintiff and other aggrieved employees were not properly compensated for all hours worked at their required regular, overtime, and double-time rates of pay.

92.    Defendants maintained a policy, practice, and/or procedure of failing to pay Plaintiff and other aggrieved employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday that they did not receive all legally required and compliant meal periods.

93.    Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration including, but not limited to, for example, "Bonus Pay" and "Shift Differential Pay" when calculating Plaintiff's and other aggrieved employees' regular rate of compensation for purposes of calculating and paying meal period premium wages.

94.    As a proximate result of Defendants' violation, Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**D.    *Failure to Allow Rest Breaks Pursuant to Labor Code §§ 226.7, 512***

95.    California Labor Code § 226.7 prohibits an employer from requiring employees to work during any rest period mandated by an applicable order of the IWC.

96.    The IWC has issued various Wage Orders including Wage Order 4, which regulates Professional, Technical, Clerical, Mechanical and Similar Operations, including hourly non-exempt employees such as Plaintiff and other aggrieved employees.

97.    Section 12(A) of the applicable Wage Order states that "the authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof."

98.    Section 12(B) of the applicable Wage Order requires an employer to pay an employee one hour of regular pay for each work day that the rest period is not provided.

**REPRESENTATIVE ACTION COMPLAINT**

99.    At all times relevant herein, Defendants required Plaintiff and other aggrieved employees to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each period of four (4) hour or major fraction thereof worked by Plaintiff and other aggrieved employees.

100.    At all times relevant herein, in violation of Labor Code § 226.7, Defendants knowingly and intentionally required Plaintiff and other aggrieved employees to work during required rest periods.

101.    Defendants have also violated these provisions by requiring Plaintiff and other aggrieved employees to work through rest periods to complete their daily job duties or to attend and participate in company-required activities or remain under Defendants' control.

102.    Defendants maintained a policy, practice, and/or procedure of failing to pay Plaintiff and other aggrieved employees a rest period premium wage of one (1) additional hour of pay at her regular rate of compensation for each workday that she did not receive all legally required and compliant rest periods.

103.    Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration including, but not limited to, for example, "Bonus Pay" and "Shift Differential Pay" when calculating Plaintiff's and other aggrieved employees' regular rate of compensation for purposes of calculating and paying rest period premium wages.

104.    As a proximate result of Defendants' violation, the Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**E.    *Failure to Provide Accurate Itemized Wage Statements Under Labor Code § 226***

105.    California Labor Code § 226 requires an employer to provide timely, accurate, itemized wage statements to employees at the time of payment of wages.

106.    Under California Labor Code § 226, itemized wage statements provided to employees must include the total hours worked by the employee.

107.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and all applicable hourly rates in effect during

the pay period, to Plaintiff and all other aggrieved employees in accordance with Labor Code §§ 226(a), 226(e), 226.3, and IWC Wage Orders.

108.    Defendants failed to provide accurate wage and hour statements to Plaintiff and other aggrieved employees for uncompensated time, including regular and overtime wages at the proper regular and overtime rates of pay, minimum wages, meal period premium wages at the proper rate, and/or rest period premium wages at the proper rate.

109.    Such failure to provide properly itemized wage statements including all hours worked caused Plaintiff and other aggrieved employees confusion over whether they were properly compensated and resulted in their inability to determine whether they received all wages for all hours actually worked.

110.    As a proximate result of Defendants' violation, the Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

### F.    Waiting Time Penalties Under Labor Code §§ 201, 202, 203

111.    Plaintiff and numerous other aggrieved employees are no longer employed by Defendants, in that they quit or were discharged from employment.

112.    Labor Code § 201(a) states that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

113.    Labor Code § 202(a) provides that, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter . . . ."

114.    Defendants did not pay Plaintiff and other aggrieved employees all earned wages, including regular wages at the proper regular rate of pay, overtime wages at the proper overtime rate of pay, minimum wages, meal period premium wages, and/or rest period premium wages, at the time of Plaintiff's and other aggrieved employees' separation of employment.

115.    Defendants willfully refused, and continue to refuse, to pay Plaintiff and other aggrieved employees all wages earned and owed in a timely manner as required by Labor Code §§ 201, 202, and 203.

116.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages were due but failed to pay them, thus entitling Plaintiff and other aggrieved employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period up to thirty (30) days from the time they were due.

117.     Defendants have failed to pay Plaintiff and other aggrieved employees a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

118.     As a proximate result of Defendants' violation, the Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**G.      *Failure to Pay All Wages Due Twice Monthly Pursuant to California Labor Code § 204***

119.     California Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

120.     The wages required by California Labor Code §§ 226.7 and 1194 and other statutes became due and payable to Plaintiff and other aggrieved employees when they were not provided with a compliant meal period or rest period or overtime wages to which they were entitled.

121.     Defendants failed to timely pay Plaintiff's and other aggrieved employees' earned wages, including regular wages at the proper regular rate of pay, overtime wages at the proper overtime rate of pay, minimum wages, meal period premium wages at the proper rate, and/or rest period premium wages at the proper rate.

122.     Defendants violated California Labor Code § 204 by systematically refusing to pay wages due.

123.     Defendants concealed this information from Plaintiff and other aggrieved employees, despite having a statutory duty to provide this information, entitling them to toll the statute of limitations on this claim.

124.     As a proximate result of Defendants' violation, the Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved employees seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**H.      *Failure to Reimburse Necessary Expenditures or Losses Under Labor Code § 2802***

125.    California Labor Code § 2802 requires that an employer reimburse its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of [her] duties, or [her] obedience to the directions of the employer."

126.    In addition to reimbursement for necessary expenditures or losses, Labor Code § 2802 requires an employer to pay interest accruing from the date on which the expense was incurred.

127.    Defendants failed to provide office supplies to Plaintiff and other aggrieved employees necessary for performing their work, including, but not limited to, printer ink and printer paper. Defendants also failed to reimburse Plaintiff and other aggrieved employees for other expenses incurred working from home, including but not limited to internet expenses to perform work online from their homes and copying costs and other office supplies, among others.

128.    Defendants further failed to reimburse Plaintiff and other aggrieved employees for mileage related to trips in their personal vehicles between their home offices and Defendants' places of business.

129.    As a proximate result of Defendants' violation, the Plaintiff and other aggrieved employees were injured. Plaintiff and other aggrieved seek civil penalties pursuant to PAGA for all of the aforementioned violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.      On behalf of the State of California and with respect to Plaintiff and all aggrieved employees:

   a.   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004;

   b.   An award of attorneys' fees, expenses, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §§ 2698-2699, *et seq.*; and

22

**REPRESENTATIVE ACTION COMPLAINT**

c.  Such other further relief at law or in equity, as this Court may deem proper and just.

DATED: October 16, 2023.          **WILLS LAW FIRM, PLLC**

By:    /s/ Rhonda H. Wills
       Attorney for Plaintiff