UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCHESKA BRITT,<br><br>                Plaintiff,<br><br>        v.<br><br>LENNAR CORPORATION, et al.,<br><br>                Defendants. | Case No.  1:23-cv-1475-KES-BAM<br><br>**ORDER REGARDING INFORMAL DISCOVERY DISPUTE, DENYING REQUEST TO COMPEL DISCOVERY, AND GRANTING REQUEST FOR STAY OF DISCOVERY**<br><br>(Docs. 20, 21, 25, 26, 27)<br><br>**ORDER CONTINUING SCHEDULING CONFERENCE** |

This is a civil action filed under the Private Attorney General Act ("PAGA") against Defendant Lennar Corporation and Lennar Sales Corporation.  The parties have stipulated to informal resolution of their discovery dispute.  (Doc. 23.)

**BACKGROUND**

On October 16, 2023, Plaintiff Francheska Britt, individually and on behalf of the State of California and as an "aggrieved employee" acting as a private attorney general under PAGA. (Doc. 1.)  On November 8, 2023, Defendants moved to dismiss the PAGA action contending, in part, that Plaintiff's claims fall within the scope of an arbitration agreement and must be arbitrated on an individual basis.  Alternatively, Defendants requested a stay of this action until completion of arbitration to determine if Plaintiff is an aggrieved employee with standing to bring a PAGA action.  (Doc. 6.)  The motion to dismiss remains pending before the district court.

On January 10, 2024, Plaintiff propounded one interrogatory, which requested as follows:

> Please provide the name, address, email address, telephone number, job position, and dates of employment of each non-exempt employee who worked for Defendants (one or both of them) in California during the time period July 10, 2022 though the present, as well as the total number of such employees.

(Doc. 20 at 1.)

On February 9, 2024, Defendant responded to the interrogatory, stating:

> Lennar Sale Corporation is willing to provide the requested number of employees as to Plaintiff's employer Lennar Sales Corporation and Lennar Sales Corporation is willing to provide the additional information requested subject to a Belaire-West Notice to be mutually approved by the Parties and paid for equally by the Parties.

(Doc. 20 at 1.)

Although disputing its necessity, Plaintiff thereafter provided Defendants with a draft *Belaire-West* Notice for review and input. On February 21, 2024, Defendants reportedly agreed to provide revisions to the notice and reiterated their agreement to provide an estimated count for PAGA putative members. Defendants reportedly reiterated these agreements on February 28, 2024. (Doc. 20 at 1.) However, Defendants now contend that the requested information is premature, indicating they may move to compel Plaintiff's individual PAGA claim to arbitration and stay Plaintiff's representative PAGA claim. (Doc. 20 at 2; *see also* Doc. 21 at 2.)

The parties sought informal resolution of their dispute regarding Plaintiff's request to compel Defendant's response to Plaintiff's interrogatory. The parties submitted informal briefing. (Docs. 20, 21.) On March 12, 2024, the Court held an informal discovery dispute conference with the parties and issued a tentative ruling indicating that it was not inclined to allow discovery to proceed when the pleadings are not set. Based on additional arguments and legal authority proffered by Plaintiff, however, the Court found supplemental briefing appropriate. (Doc. 23.)

Plaintiff filed a supplemental brief on March 15, 2024, asserting that (1) Defendants arguably waived their objections by agreeing to provide information in response to Plaintiff's discovery request; and (2) Defendants have improperly requested to stay discovery while their motion to dismiss is pending. Plaintiff believes a stay is not warranted because Defendants

cannot show that their motion to dismiss is dispositive of the entire case or that they are certain to prevail. Plaintiff argues that Defendants' motion is contrary to the recent holding in *Adolph v. Uber Technologies, Inc.*, 14 Cal.5th 1104 (2023), and it is unlikely that it will be granted. (Doc. (Doc. 25.)

Defendants replied on March 16, 2024, reiterating their position that Plaintiff's requested discovery is overbroad, unduly burdensome, and premature. Defendants also request to stay all non-individual PAGA discovery, contending that they will face significant prejudice if they are forced to produce private and confidential information as to hundreds of individuals that may or may not be within the scope of this matter and that Plaintiff may or may not have standing to represent. Defendants also claim that certain prejudice, significant costs, and disruption will result from Plaintiff's counsel prematurely contacting these individuals before the scope of this matter is set. (Doc. 26 at 1.)

On March 29, 2024, Defendants filed a motion (1) to compel Plaintiff to submit her individual PAGA claim to arbitration and (2) to dismiss Plaintiff's non-individual PAGA claim with prejudice, or in the alternative, stay proceedings until completion of Plaintiff's individual arbitration and pausing Defendants' accrual of continued civil penalties during the stay. (Doc. 28.) The motion is scheduled for hearing before the district judge on May 13, 2024. (Doc. 29.)

## RELEVANT LEGAL STANDARD

A district court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A motion to stay discovery pending resolution of a potentially dispositive motion may be granted for good cause. *See Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, No. 1:20-cv-01518-NONE-JLT, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) ("Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause.") (citations omitted).

"[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket

3

stays of discovery when a potentially dispositive motion is pending."[1] *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011); *see also Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) ("The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending."). "Indeed, district courts look unfavorably upon such blanket stays of discovery, because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (internal citations and quotations omitted). "In evaluating a motion to stay, a court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (internal citations and quotation marks omitted); *see also ColfaxNet, LLC v. City of Colfax*, No. 2:19-cv-02167-WBS-CKD, 2020 WL 4818895, at *4 (E.D. Cal. Aug. 19, 2020), reconsideration denied sub nom. *ColfaxNet, LLC v. Colfax*, No. 2:19-CV-2167 WBS-CKD, 2020 WL 5518397 (E.D. Cal. Sept. 14, 2020).

A two-part test is used to determine whether to grant a stay of discovery pending the resolution of a potentially dispositive motion. *See Anders v. California State Univ., Fresno*, No. 1:21-cv-00179-AWI-BAM, 2021 WL 3021454, at *4 (E.D. Cal. July 16, 2021) (citing *ColfaxNet*, 2020 WL 4818895, at *4). First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (citation omitted). Second, the court must determine "whether the pending dispositive motion can be decided absent discovery." *Id.*

**DISCUSSION**

**A.  Potentially Dispositive Motion**

In determining whether to issue a stay, California district courts evaluate the dispositive nature of the underlying motion in various manners *United States v. Dynamic Med. Sys. LLC,*

---

[1] There also is "no rule requiring the automatic stay of discovery while a motion to compel arbitration is pending." *Maharaj v. Charter Commc'ns, Inc.,* No. 20CV64-BAS-LL, 2021 WL 1428489, at *5 (S.D. Cal. Apr. 15, 2021).

4

No. 1:17-cv-01757-JLT-SAB, 2023 WL 1995522, at *4 (E.D. Cal. Feb. 14, 2023). "Some courts, in taking a 'peek' at the merits of the potentially dispositive motion, have conducted fairly in-depth analyses of the underlying motion, sometimes requiring the defendant to establish a strong likelihood of success on the merits in order to receive a stay of discovery." *Id.* (citing cases); *see also Roe v. Rodriguez*, No. 1:22-cv-01574-JLT-SAB, 2023 WL 2752537, at *4 (E.D. Cal. Mar. 31, 2023) (same). Here, however, because it is the district judge who is responsible for resolving Defendants' underlying motion to dismiss, this Court's review of the pending motion is limited. *Dynamic Med. Sys*, 2023 WL 1995522 at *4 ("[W]ith respect to the instant matter, it is the District Judge, and not this Court, who is responsible for resolving Defendants' underlying motions to dismiss. Accordingly, this Court's "peek" at the merits, while consistent with the general practice of courts in this District, is limited."). The Court is not required to decide who will prevail in the pending motion to dismiss. *Est. of Jackson v. City of Modesto*, No. 1:21-cv-00415-AWI-EPG, 2021 WL 5989754, at *3 (E.D. Cal. Dec. 17, 2021). Rather, the Court conducts "a preliminary review of the pending dispositive motion." *Id.*

Without determining the merits of the pending motion before the district judge, and based on its preliminary review, the Court finds that the underlying motion to dismiss, if successful, would be fully dispositive of Plaintiff's claims. That is, the motion seeks dismissal of Plaintiff's complaint in its entirety. Defendants contend that Plaintiff must be compelled to litigate her individual claims in arbitration and that she cannot proceed with her proposed representative PAGA claims. Defendants therefore contend that the PAGA complaint should be dismissed. (*See generally* Doc. 6.) If successful, then Defendants' motion would be dispositive of the entire action. This consideration supports granting the requested stay of discovery.

**B. Necessity of Discovery to Resolve Pending Motion**

With respect to the second part of the two-part test, Plaintiff does not argue that the discovery at issue is necessary to resolve the pending motion (or even to resolve the recently filed motion to compel arbitration). Indeed, the pending motion to dismiss has been fully briefed and is slated to be decided on the papers. (*See* Docs. 6, 9, 14, 16.) It does not appear that any discovery is necessary to resolve that motion. Although Plaintiff suggests that district courts frequently find

that initial discovery is relevant to potential amendment of pleadings or to-be-filed motions, (Doc. 25 at 2), Plaintiff has not indicated that the discovery at issue is relevant for those purposes.  This consideration therefore supports granting the requested stay of discovery.

### C. Good cause

As a final matter, the Court finds good cause for a temporary stay of discovery. No scheduling order has issued in this case and no deadlines have been set. Accordingly, if Defendants' motion to dismiss does not resolve this case (or the pending motion to compel arbitration does not otherwise resolve or result in a stay of these proceedings), then Plaintiff will not be prejudiced by a modest delay in proceeding with discovery. In contrast, proceeding with discovery may result in unnecessary motion practice, litigation costs, and a waste of judicial resources. *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-cv-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019).  The Court recognizes that Defendants initially agreed to provide the requested discovery, but does not find that Defendants waived their objections by such agreement, particularly where there is no apparent prejudice from a temporary stay of discovery.

## CONCLUSION AND ORDER

For the reasons stated, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to compel Defendants' response to discovery (Doc. 20) is DENIED.
2. Defendants' request for a temporary stay of non-individual PAGA discovery (Doc. 26) is GRANTED.
3. Discovery in this action is STAYED pending resolution of Defendants' motion to dismiss.

///
///
///
///
///
///

4. Due to the status of this case, the SCHEDULING CONFERENCE currently set for May 14, 2024, is CONTINUED to **September 17, 2024, at 9:00 a.m. in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. The parties shall file a Joint Scheduling Report at least one (1) full week prior to the conference.

IT IS SO ORDERED.

Dated:   **April 8, 2024**                                    /s/ Barbara A. McAuliffe            _
                                                                         UNITED STATES MAGISTRATE JUDGE